UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGRI EXOTIC TRADING, INC.<br><br>       Plaintiff,<br><br>- against -<br><br>DEAN & DELUCA INCORPORATED t/a DEAN & DELUCA, DEAN & DELUCA NEW YORK, INC. t/a DEAN & DELUCA, DEAN & DELUCA BRANDS, INC. t/a DEAN & DELUCA, DEAN & DELUCA SMALL FORMAT, LLC, BAYANI LAURAYA, SORAPOJ TECHAKRAISRI, JOSH HODAPP, JUSTIN SEAMONDS and DUSTIN SCHWIND,<br><br>       Defendants. | Case No. 19-cv-5763 (VSB)<br><br>**STIPULATION AND ORDER** |

    Plaintiff Agri Exotic Trading, Inc. ("Plaintiff" or "Agri Exotic") and defendants Dean & DeLuca Incorporated ("D&D") t/a Dean & DeLuca, Dean & DeLuca New York, Inc. t/a Dean & DeLuca ("D&D NY"), Dean & DeLuca Brands, Inc. t/a Dean & DeLuca ("D&D Brands"), Dean & Deluca Small Format, LLC ("D&D Small," and together with D&D, D&D NY, and D&D Brands, the "Corporate Defendants") and Sorapoj Techakraisri ("Techakraisri," and together with the Corporate Defendants, the "Defendants"), either by themselves or by and through their undersigned attorneys, agree and stipulate to the following:

    1.  Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), of Defendants, jointly and severally, for a debt in the principal amount of $172,016.43, plus accrued interest at the rate of 18% *per annum* through June 21, 2019 in the amount of $1,514.82 and reasonable attorneys' fees and legal expenses incurred by Plaintiff in the amount of $11,017.50 for a total debt under PACA in the amount of $183,196.85 (the "PACA Trust Debt"). In addition to the PACA

Trust Debt, Corporate Defendants owe Plaintiff an additional $1,360.20 for non-produce items delivered by Plaintiff to Corporate Defendants, for a total debt in the amount of $184,557.05 (the "Total Debt").

2. For full and final satisfaction of Plaintiff's claims, subject to the terms and conditions of this Stipulation and Order, Defendants not otherwise dismissed from this action shall pay to Plaintiff the full amount of the Total Debt according to the following schedule:

| Date | Payment |
|---|---|
| 6/21/19 | $33,333.33 |
| 6/28/19 | $33,333.33 |
| 7/5/19 | $33,333.33 |
| 7/12/19 | $25,000.00 |
| 7/19/19 | $25,000.00 |
| 7/26/19 | $25,000.00 |
| 8/2/19 | $9,557.06 |
|  | $184,557.05 |

All payments to be made under this Stipulation and Order shall be applied first to the Total Debt and shall be paid so as to be received on or before 3:00 PM on the date due, TIME BEING OF THE ESSENCE. Except as otherwise expressly set forth herein, all payments shall be made by bank check, money order or wire transfer and shall be paid so as to be received by Plaintiff on or before the date and time payment is due. All payments shall be made payable to "Agri Exotic Trading, Inc." and delivered to Plaintiff at 700 US Highway 46, Clifton, New Jersey 07013-1501. As of the date of this Stipulation and Order, Defendants have made the first payment of $33,333.33 on June 21, 2019 and the second payment of $33,333.33 on June 28, 2019.

3. In the event Defendants default in any of their payment obligations as set forth in Paragraph 2 above, Defendants shall have the right to cure such default by paying the amount due within five (5) days after notice of such default is sent to counsel for Corporate Defendants,

Justin Cunningham, via email at jcunningham@brownrudnick.com and to Techakraisri via email at sorapoj@pacedev.com. Notwithstanding the foregoing, Defendants' right to cure a default in making the payments as provided hereinabove shall be limited to three (3) such occurrences, and this provision is of the essence. In the event that a default occurs because the funds necessary to honor the payment are unavailable or insufficient for any reason, Defendants' curative payment shall include all charges assessed by any financial institution as a consequence of the unavailability of the required funds.

4. In the event that Defendants default in their payment obligations as set forth in Paragraph 2 above, and Defendants either fail to cure such default or are not allowed to cure such default pursuant to Paragraph 3 above, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy to Corporate Defendants' attorney, Justin Cunningham, via email at jcunningham@brownrudnick.com and to Techakraisri via email at sorapoj@pacedev.com, this Court shall immediately enter a Final Order and Judgment in a form substantially similar to the one attached hereto as Exhibit A. The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Defendants not otherwise dismissed from this action, jointly and severally, shall be the amount of the Total Debt prescribed in Paragraph 1 above plus any additional attorneys' fees and costs incurred by Plaintiff as a result of Defendants' default, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

5. The Parties' agreement to the payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3). The original credit terms between the Parties

are not intended to be modified, nor are they modified by this Stipulation and Order. Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Stipulation and Order are in addition to its rights under said trust.

6. In the event of the filing of petition for relief under Title 11 of the United States Code (a "Bankruptcy Filing") by any of the Corporate Defendants, the PACA Trust Debt shall become immediately due and owing and Plaintiff shall be entitled to immediate payment of any unpaid portion of the PACA Trust Debt.

7. Upon the filing of this Stipulation and Order, counsel to Plaintiff shall file a notice of voluntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), in the form attached hereto as Exhibit B.

8. Without altering or limiting any other provision of this Stipulation and Order, Plaintiff (and its counsel) and Defendants (and their counsel) shall each: (a) cooperate with the other in good faith; and (b) timely execute and deliver such documents and other things as may be necessary to effectuate the provisions of this Stipulation and Order, including but not limited to entry of judgment as contemplated herein.

9. No delay or failure by either Party to exercise any right under this Stipulation and Order, and no partial or single exercise of any right, shall constitute a waiver of that or any other right, unless stated otherwise in writing.

10. This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and

collectively all signed Counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

11. The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys, and having availed themselves of that opportunity to the extent they desired to do so.

12. This Stipulation and Order shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, representatives, heirs, executors, administrators, trustees and receivers, as the case may be.

13. The Court shall retain jurisdiction over this action and the Parties during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof.

14. This case shall be administratively closed, but may be reopened to enforce the terms and conditions of the Stipulation and Order without further costs or fees.

//

//

//

//

//

//

//

//

//

//

15. This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated this 9th day of July, 2019.

McCarron & Diess
Attorneys for Plaintiff

By: _____
Gregory Brown
707 Walt Whitman Road, 2nd Floor
Melville, New York 11747
(631) 425-8110
gbrown@mccarronlaw.com

Brown Rudnick
Attorneys for Corporate Defendants

By: _____
D. Cameron Moxley
Justin Cunningham
Seven Times Square
New York, New York 10036
(212) 209-4946
cmoxley@brownrudnick.com
jcunningham@brownrudnick.com

Sorapoj Techakraisri
Defendant

By: _____
Sorapoj Techakraisri
sorapoj@pacedev.com

**SO ORDERED:**

ENTERED this 10th day of July, 2019.

_____
Vernon S. Broderick
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGRI EXOTIC TRADING, INC.<br><br>      Plaintiff,<br><br>- against -<br><br>DEAN & DELUCA INCORPORATED t/a DEAN & DELUCA, DEAN & DELUCA NEW YORK, INC. t/a DEAN & DELUCA, DEAN & DELUCA BRANDS, INC. t/a DEAN & DELUCA, DEAN & DELUCA SMALL FORMAT, LLC, BAYANI LAURAYA, SORAPOJ TECHAKRAISRI, JOSH HODAPP, JUSTIN SEAMONDS and DUSTIN SCHWIND,<br><br>      Defendants. | Case No. 19-cv-5763 (VSB)<br><br>**FINAL ORDER<br>AND JUDGMENT** |

  **THIS MATTER** having come before the Court on Plaintiff's application for a Final Order and Judgment; and it appearing that pursuant to the terms of the Stipulation and Order previously filed in this action, this Court is to enter this Final Order and Judgment immediately upon the filing of a declaration by Plaintiff's attorney which states that payment has not been made by defendants Dean & DeLuca Incorporated, Dean & DeLuca New York, Inc., Dean & DeLuca Brands, Inc., Dean & Deluca Small Format, LLC, and Sorapoj Techakraisri (collectively, the "Defendants") as required by the Stipulation and Order and Defendants have failed to cure the default in payment; and it appearing that Plaintiff's attorney has filed such a declaration and that Defendants have failed to make payment and to cure that default in accordance with the Stipulation and Order; and for good cause shown;

  IT IS on this _____ day of _____, 20___,

  **ORDERED, ADJUDGED, AND DECREED**, that plaintiff Agri Exotic Trading, Inc. is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA"), of Defendants, jointly and severally, for a

debt in the amount of $_____, plus interest at the rate of 18% *per annum* in the amount of $_____ and reasonable attorneys' fees, for a total judgment amount of $_____ under the trust provisions of the PACA, 7 U.S.C. § 499e(c); and it is further

**ORDERED** that Defendants shall, within five (5) business days of service of this Order, turnover any and all funds realized from the sale of produce or products derived from produce in their possession to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds belonging to Defendants, in the possession of third parties, shall be immediately turned over to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds owed to Defendants for produce or produce related items shall be paid directly to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, when due for distribution to Plaintiff; and it is further

**ORDERED** that Defendants shall supply to Plaintiff's attorney, within five (5) days of the date of this Order, any and all documents in their possession, custody or control which reflect or relate to the assets and liabilities of the Corporate Defendants and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

ENTERED this \_\_\_\_ day of _____, 2019.

_____
Hon. Vernon S. Broderick, U.S.D.J.

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGRI EXOTIC TRADING, INC.<br><br>Plaintiff,<br><br>- against -<br><br>DEAN & DELUCA INCORPORATED t/a DEAN & DELUCA, DEAN & DELUCA NEW YORK, INC. t/a DEAN & DELUCA, DEAN & DELUCA BRANDS, INC. t/a DEAN & DELUCA, DEAN & DELUCA SMALL FORMAT, LLC, BAYANI LAURAYA, SORAPOJ TECHAKRAISRI, JOSH HODAPP, JUSTIN SEAMONDS and DUSTIN SCHWIND,<br><br>Defendants. | Case No. 19-cv-5763 (VSB)<br><br>**NOTICE OF VOLUNTARY DISMISSAL WITH PREJUDICE AS TO DEFENDANTS LAURAYA, HODAPP, SEAMONDS <u>and SCHWIND ONLY</u>** |

**PLEASE TAKE NOTICE** that plaintiff Agri Exotic Trading, Inc. ("Plaintiff"), by and through undersigned counsel, hereby voluntarily dismisses pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) its claims against defendants Bayani Lauraya, Josh Hodapp, Justin Seamonds and Dustin Schwind only in their entirety, with prejudice and without costs to either side. This dismissal is without prejudice to Plaintiff's claims against the remaining defendants, all of which are expressly reserved.

Dated: July ___, 2019

                McCarron & Diess
                Attorneys for Plaintiff

          By: _____
              Gregory A. Brown
              707 Walt Whitman Road, Second Floor
              Melville, New York 11747
              (631) 425-8110
              gbrown@mccarronlaw.com